UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANA NEMECEK, an individual, NICOLE BONDER, an individual, on behalf of herself and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FINGER ONE, INC., dba GOLDFINGERS GENTLEMEN'S CLUB, a California corporation; AARON GOLDBERG, an individual;<br><br>Defendants. | Case No.: 3:20-cv-00048-DMS-LL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S COLLECTIVE CLAIMS** |

Before the Court is Defendants' Motions to Compel Arbitration and Strike Plaintiffs' Collective Claims. (ECF No. 15, 21.) Plaintiffs filed a response and Defendants filed a reply. For the following reasons, the Court grants Defendant's Motion to Compel Arbitration and denies Defendant's Motion to Strike.

///

///

# I.
# BACKGROUND

This case arises out of Plaintiffs' collective action complaint for damages against Defendants Finger One, Inc. and Aaron Goldberg for failure to pay wages and tips. (Complaint ("Compl."), ECF No. 1, ¶¶ 2-3.)  Plaintiffs Bryana Nemecek and Nicole Bonder are former exotic dancers/entertainers at Goldfinger's Gentlemen's Club ("Goldfinger's") in San Diego, California. (*Id.* at ¶ 14; Notice of Consent Form, ECF No. 5.)  Goldfinger's is owned and operated by Defendants Finger One, Inc. and Aaron Goldberg (collectively "Defendants").  Plaintiffs claim that Goldberg is liable as an "employer" or "joint employer" in addition to Finger One, Inc. because he allegedly executed the compensation and payment policies for dancers. (Compl. at ¶¶ 16-17.)

The parties entered into two separate contracts regulating Plaintiffs' employment. First, Plaintiffs and Defendants entered into an Independent Contractor Agreement ("IC Agreement"), which includes the following provision:

> Arbitration Agreement.  Performer agrees that any claims, disputes or matters arising out of or relating to this Agreement shall be decided solely through arbitration, in connection with the arbitration agreement that is attached hereto and incorporated herein.

 (Ex. 1 to Umber Decl. ("IC Agreement"), ECF No. 21-3, at ¶ 19; Ex. 1 to Umber Decl. ECF No. 12-3, at ¶ 19.)  The parties also entered into a separate "Arbitration Agreement," in which the parties "mutually consent[ed] to resolution by finding and binding arbitration of all claims or controversies … arising out of Contractor's contractual relationship (or termination thereof) with the Company or statutory claims." (Ex. 2 to Umber Decl. ("Arbitration Agreement"), ECF No. 21-4, ECF No. 12-4, at ¶ 1.)  The Agreement also mandates that all claims under the Agreement "be brought in an individual capacity, and shall not be brought as a plaintiff… or class member in any purported class or representative proceeding." (*Id.* at ¶ 3.)  The Agreement applies to "claims for misclassification of Contractor as an employee," among other claims. (*Id.* at ¶1.)

On January 7, 2020, Plaintiff Bryana Nemecek filed a complaint against Defendants alleging: (1) Failure to Pay Minimum Wage, in violation of 29 U.S.C. § 206 and Cal. Lab. Code §§ 1194, 1197; (2) Failure to Pay Overtime Wages, in violation of 29 U.S.C. § 207 and Cal. Lab. Code §§ 510, 1194, and 1197; (3) Unlawful Taking of Tips, in violation of 29 U.S.C. § 203; (4) Failure to Furnish Accurate Wage Statements, in violation of Cal. Lab. Code § 226; (5) Waiting Time Penalties under Cal. Lab. Code §§ 201-203; (6) Failure to Indemnify Business Expenses in violation of Cal. Lab. Code § 2802; (7) Compelled Patronization of Employer and/or Other Persons in violation of Cal. Lab. Code § 450; and (8) Unfair Competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*  Nicole Bonder filed a notice of consent to sue form on January 28, 2020. (ECF No. 5.) Defendants filed motions to compel arbitration against Bryana Nemecek and Nicole Bonder ("Plaintiffs") and to strike the collective action in its entirety pursuant to Federal Rules of Civil Procedure, Rule 12(f). (Motion to Compel Bryanna Nemeck (ECF No. 12), Motion to Compel Nicole Bonder (ECF No. 21) (Collectively, "Def's Mot.")).

## II.

## DISCUSSION

Defendants contend Plaintiffs entered into a valid arbitration agreement, and as such, all collective claims must be stricken, the individual claims must be arbitrated, and the action must be dismissed with prejudice. Plaintiffs do not dispute the validity of the arbitration agreement but contend the action must be stayed rather than dismissed.

A. <u>Motion to Compel Arbitration</u>

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, governs the enforcement of arbitration agreements involving interstate commerce. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 232–33 (2013). "The overarching purpose of the FAA … is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). "The FAA 'leaves no place for the exercise of discretion by the district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to

which an arbitration has been signed.'" *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) (emphasis in original). Accordingly, the Court's role under the FAA is to determine "(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If both factors are met, the Court must enforce the arbitration agreement according to its terms. Here, the parties do not dispute the validity of the arbitration agreement or whether it applies to the claims at issue. Accordingly, Defendants' motion to compel arbitration is granted.

Nevertheless, the parties dispute whether the case should be dismissed or stayed pending arbitration. Section 3 of Title 9 of the United States Code discusses stays of proceedings when the issue is referable to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The Ninth Circuit has clarified that this section "gives a court authority, upon application by one of the parties, to grant a stay pending arbitration," but does not "limit the court's authority to grant a dismissal." *Sparling v. Hoffman Constr. Co, Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (affirming district court's dismissal of action under Rule 12(b)(6) because plaintiffs agreed to arbitrate relevant claims).

Plaintiffs request that the Court stay the proceedings in accordance with the statute, while defendants contend the Court has authority to dismiss the case under *Sparling*. Plaintiffs contend the Court must stay the proceedings because "[s]ettlement of an FLSA claim requires either approval by a district court or supervision by the Secretary of Labor."

(Mot. at 3) (quoting *A-ROO Distributing of California LLC v. Kloosterman,* No. 18-cv-1291 DMS (JLB), 2018 WL 6262940, at *1 (S.D. Cal. Oct. 1, 2018) (Sabraw, J.)). Accordingly, Plaintiffs contend FLSA settlements can only be resolved with approval from the U.S. Secretary of Labor or the district court.  *See also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); 29 U.S.C. § 216(b).  Defendants disagree.

Notwithstanding the parties' arguments about who may approve FLSA settlements, the text of the statute is clear: The Court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had[.]" 9 U.S.C. § 3 (emphasis added). Accordingly, the Court need not decide whether a stay is mandatory to allow the court to approve the terms of the settlement.  Although Defendants argue *Sparling* permits the court to dismiss, rather than stay, the action, it does not mandate the Court do so.  Rather, *Sparling* allows the Court to exercise discretion in deciding whether to stay or dismiss the action.  *See* 864 F.2d at 638.  Accordingly, the matter will be stayed pending the outcome of arbitration.

B. Motion to Strike

Defendants also move to strike Plaintiffs' claims from the complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Rule 12(f) states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The district court has discretion when deciding whether to strike a part of the complaint.  *See Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  Accordingly, a court's interpretation of a 12(f) motion begins with a determination of whether the material the party seeks to strike is: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous.  *Id.* at 973–74.

Defendants contend the Court should grant their motion to strike because of the Supreme Court's ruling in *Epic Systems v. Lewis*. There, the Supreme Court held that class and collective action waivers do not violate the National Labor Relations Act and must be enforced as written under the FAA. *Epic Sys. v. Lewis*, 138 S. Ct. 1612, 1632 (2018). Because the arbitration agreement here includes such a provision, Defendants request that the Court "strike all collective claims brought by Plaintiff." (Mot. at 13-14.) Plaintiffs do not oppose Defendants' motion to strike, but the Court is unpersuaded that a motion to strike is the appropriate method for dispensing these claims. Defendants' sole rationale for striking Plaintiffs' class claims is that the arbitration agreement bars them. However, Defendants fail to provide a reason for striking the claims in accordance with Rule 12(f). They do not explain how the claims involve an insufficient defense, or are redundant, immaterial, impertinent, or scandalous. *See Whittlestone*, 618 F.3d at 973–74. Defendants' motion to strike is therefore denied.

### III.
### CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is granted and Defendants' motion to strike is denied. The Court stays the litigation to permit an arbitrator to decide the questions of arbitrability, and then, if permissible to arbitrate the substantive claims. Within 14 days of the completion of the arbitration proceedings, the parties shall jointly submit a report advising the Court of the outcome of the arbitration, and request to dismiss the case or vacate the stay.

**IT IS SO ORDERED**.

Dated:  July 23, 2020

Hon. Dana M. Sabraw
United States District Judge